IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JASON JACKSON,<br><br>                                 *Plaintiff,*<br><br>       v.<br><br>CHRISTOPHER MICHALSKI, ET AL.,<br><br>                                *Defendants.* | CASE NO. 3:10-cv-00052<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff's objections to the Magistrate Judge's ruling. Taki Theodoracopoulos ("Defendant") filed a motion to quash service on March 14, 2011 (docket no. 29). The motion was referred to Magistrate Judge B. Waugh Crigler pursuant to the pretrial scheduling order. In an order dated May 4, 2011 (the "Order"), the Magistrate Judge granted Defendant's motion to quash service. Plaintiff has filed two motions for reconsideration of the Order (docket nos. 82, 92), which are presently before the Court. For the reasons stated below, I will deny Plaintiff's motions.

Taki Theodoracopoulos is one of several defendants named in the amended complaint filed *pro se* on February 14, 2011 by Jason Jackson ("Plaintiff"). The action arises out of the posting on the webzine Takimag.com of an article entitled "Confessions of a Punk-Rock Traditionalist" on October 9, 2008. The article was apparently written by Christopher Michalski and published by Takimag.com, LLC on its website. Theodoracopoulos was employed by Takimag.com, LLC as "Editor and Publisher" at the time. The amended complaint sets forth sixty-six counts against the defendants, including claims of defamation, copyright and trademark

infringement, misappropriation of a name or likeness, and breach of contract. A complete discussion of the allegations is contained in a separate memorandum opinion that addresses the motions to dismiss filed by Theodoracopoulos's codefendants.

The Clerk of this Court issued a summons for service of process on Theodoracopoulos on February 14, 2011. Theodoracopoulos asserts he is a Greek citizen who is domiciled in Gstaad, Switzerland. Theodoracopoulos allegedly was employed by Takimag.com, LLC as "Editor and Publisher." (Am. Compl. ¶ 3.) Plaintiff attempted service upon him individually by serving the Complaint and Summons on Lawrence Bardavid, the New York Registered Agent for Takimag.com, LLC, at Mr. Bardavid's office located at 3000 Marcus Avenue, Suite 2W, Lake Success, New York 11042. At the hearing on the Motion to Quash Service on May 4, 2011, Theodoracopoulos presented the affidavit of Bardavid (docket no. 69). In that affidavit, Mr. Bardavid confirmed that he is a certified public accountant in New York and is a partner in the Long Island office of WeiserMazars, LLP. Bardavid Aff. ¶ 2, Mar. 24, 2011. Mr. Bardavid's business address is 3000 Marcus Avenue, Suite 2W, Lake Success, New York 11042, the address at which Plaintiff attempted service of process on Defendant. *Id.* at ¶ 3. On or about March 10, 2011, the amended complaint was delivered to Mr. Bardavid's WeiserMazars office on Long Island and he accepted service of process as registered agent for Takimag.com, LLC only. *Id.* at ¶ 5. Mr. Bardavid avers that he is not authorized and never has been authorized to accept service of process for Defendant, individually. *Id.* at ¶ 6. Mr. Bardavid attests that his office address, at which service of the amended complaint on Defendant was attempted, has never been the business address for Takimag.com, LLC. *Id.* at ¶ 7.

The Magistrate Judge ruled that service of process on Defendant was improper because service was made on the registered agent for Defendant's employer, Takimag.com, LLC, who did not have authority to receive service for Defendant, individually. The Magistrate Judge held that there was insufficient evidence to find that the address for the registered agent for Takimag.com, LLC was also the business address for Defendant, individually, who was represented to be a citizen of one foreign country and a resident of another. Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain listed exceptions. 28 U.S.C. § 636(b)(1)(A). A judge may reconsider a magistrate judge's findings on a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Federal Rule of Civil Procedure 72 also provides that for nondispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Under Rule 4(e) of the Federal Rules of Civil Procedure, service may be properly accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, delivering a copy to an agent authorized by appointment or by law to receive service of process, or by any manner that complies with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). Thus, any manner of service that complies with Virginia law or New York law would be acceptable. In his objections to the Order, Plaintiff argues that the service on Defendant satisfied New York law. In New York, personal service upon an individual can be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . . ; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318 . . . ;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . . ;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

> 6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

N.Y. C.P.L.R. § 308.

First, Plaintiff asserts that Defendant has held out that Bardavid's New York office is the "actual place of business" of Defendant. Plaintiff asserts that the website Takimag.com contains no business address, and that the only address it lists is that of its registered agent, Bardavid. Thus, Plaintiff claims that he effected service in accordance with § 308(2). I disagree because Plaintiff has failed to show that Defendant or Takimag.com, LLC held out Bardavid's address as its place of business "through regular solicitation or advertisement," as required by New York law. Plaintiff points to no solicitation or advertisement.

Second, Plaintiff asserts that service is impracticable under paragraphs one, two, and four of § 308, and therefore the Court should direct a manner of service in accordance with § 308(5). I observe at the outset that Plaintiff has not made a motion for the Court to direct a manner of service pursuant to § 308(5). Plaintiff provides no explanation why serving Defendant directly under § 308(1) is impracticable. On this ground alone, Plaintiff's argument fails and the conclusion is warranted that an alternate method of service directed by the Court would not be appropriate. Plaintiff's focus is on the impracticability of serving Defendant in accordance with § 308(2). Plaintiff argues that he cannot serve a person of suitable age and discretion at Defendant's dwelling place or usual place of abode because Defendant's "Upper East Side Manhattan residence, in an extremely exclusive security building, is impossible to effectuate personal service upon." Pl.'s Resp. to Mem. Opp'n at 1. In New York, when a process server's access to a unit within a residential building is not permitted by the building doorman, service upon a person of suitable age and discretion at the defendant's dwelling place or usual place of

abode may be effectuated, in at least some circumstances, by delivering the summons and complaint to the doorman. *Braun v. St. Vincent's Hosp. & Med. Ctr.*, 442 N.E.2d 1274 (N.Y. 1982); *F. I. duPont, Glore Forgan & Co. v. Chen*, 364 N.E.2d 1115 (N.Y. 1977). No argument has been made that service could not be accomplished upon the doorman of the secure building in which Defendant resides.

Plaintiff also contends that service on a person of suitable age and discretion at Defendant's actual place of business in accordance with § 308(2) is impracticable. Plaintiff asserts that his efforts at completing service are frustrated because Takimag.com, LLC has no physical office. I need not address this argument because Plaintiff has not shown that personal service on Defendant or service on a person of suitable age and discretion at Defendant's dwelling would be impracticable. I merely observe that New York law suggests that a New York limited liability company must have a physical office location within the state. *See* N.Y. Ltd. Liab. Co. § 203 (providing that a limited liability company formed in New York shall file initial articles of organization with the state that contain "the county within this state in which the office of the limited liability company is to be located or if the limited liability company shall maintain more than one office in this state, the county in which the principal office of the limited liability company is to be located").

For the reasons set forth herein, Plaintiff's objections to the Magistrate Judge's Order will be overruled. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record, and to Plaintiff.

Entered this __23rd___ day of August, 2011.

                                                                                                                                     _____
                                                                                                                                     NORMAN K. MOON
                                                                                                                       UNITED STATES DISTRICT JUDGE